# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WAYDE COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-1256-TWP-DKL |
| | ) | |
| TERRY CURRY, REBECCA MEYER, | ) | |
| PAUL R CIESIELSKI, | ) | |
| INDIANAPOLIS METROPOLITAN | ) | |
| POLICE, DENNY RANDALL | ) | |
| JASON, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motions to Quash**

The City of Indianapolis ("the City") has filed two motions to quash plaintiff Wayde Coleman's Subpoena to Produce Documents.[1] That subpoena, directed to the Citizen Police Complaint Board and Citizen Complaint Office ("the Board") requests the following: "Copies of all citizens complaints, internal investigation reports, final resolution letter of each complaint and any other relevant document not mentioned that have been filed in your office in the past 10 years." The subpoena also requested that Coleman be allowed to inspect the Citizen Complaint Board Office.

The City of Indianapolis objects to the subpoena arguing that it is overly broad and not reasonably calculated to the discovery of admissible evidence. "The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant." *Graham v. Casey's Gen. Stores,* 206 F.R.D.

---

[1] The City filed its motion to quash as a non-party. The court has since granted the plaintiff's motion to amend his complaint, which added the City as a defendant.

251, 254 (S.D. Ind. 2002) (*Wauchop v. Domino's Pizza, Inc.,* 138 F.R.D. 539, 543 (N.D.Ind.1991)). "To meet this burden, the objecting party must '"specifically detail the reasons why each [request] is irrelevant . . . .'" *Id.* (quoting *Schaap v. Executive Indus., Inc.,* 130 F.R.D. 384, 387 (N.D.Ill.1990)).

The City argues that the subpoena creates an undue burden because it contemplates production of 1,500 to two thousand 2,000 complaints. The Board receives 150 to 200 complaints each year. The City points out, however, that it maintains complaint records for only three years. Complaints older than three years are destroyed. Because complaints older than three years are destroyed, the Board could conceivably produce 600 complaints. The City states that production of the range and amount of documents requested presents considerable burden and expense to the Board, which is overseen by a small staff of three individuals. The City goes on to argue that the subpoena lacks any meaningful restraints as to time or other criteria, such as type of complaint or name of officer. The City also argues that the requested prior complaints are irrelevant. Finally, the City argues that the complaints are privileged and confidential but has not pointed to a law, regulation, or other source making the complaints confidential. With respect to the request to perform an inspection of the Board office, the City argues that the office does not have any relevance to the lawsuit and inspection of the office presents a hardship to the Board.

The Board also seeks a protective order as to any documents or materials not directly related to Coleman's own prior complaint to the Board or the officers which

are the subject of his prior complaint, as any complaints beyond such parameters are wholly irrelevant to this matter. The Board further seeks a protective order pursuant to Fed.R.Civ.P. 26(c) as to any documents or materials pertaining to the investigation of any citizen complaints beyond the complaint itself and any document indicating the disposition of such complaint. Investigation records and documents are privileged, confidential, and irrelevant to this litigation.

Coleman responds that the documents sought in the subpoena are relevant or will lead to relevant evidence on his claims against policymakers pursuant to *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 (1978). Coleman also states that he has personal knowledge of several complaints filed against the defendants.

The court agrees that the scope of Coleman's subpoena is very broad and it is overly burdensome for the Board to formulate a response to the request. In addition, the court can see no reason necessitating inspection by Coleman of the Board's offices. For these reasons, the motions to quash [Dkt. 36] and [Dkt. 37] are **granted**. However, the requests for a protective order are **denied**. If Coleman formulates a request for documents that is more restricted, he may serve it and the Board should respond appropriately as governed by the *Federal Rules of Civil Procedure.*

**IT IS SO ORDERED.**

Date: 11/16/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Wayde Coleman
11303 Lynchburg Way
Indianapolis, IN 46229

All electronically registered counsel