UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYDE COLEMAN,<br><br>               Plaintiff,<br><br>               v.<br><br>TERRY CURRY Marion County Prosecutor's Office, Final Policy Maker, in his official capacity, administrative and investigative capacity,<br>REBECCA MEYER, in her administrative, investigative capacity and not official capacity,<br>PAUL R CIESIELSKI official capacity as Chief of Police Indianapolis Metropolitan Police Department (IMPD),<br>DENNY RANDALL JASON IMPD, D9879, in his individual and investigative capacity,<br>JUDGE RUEBEN B. HILL Criminal Court Rm 18, in his official capacity for injunctive, declarative relief and consequential relief that the court deems applicable,<br><br>              Defendants. | Case No. 1:11-cv-01256-TWP-DKL |

**ENTRY DENYING MOTION FOR EXTENSION OF TIME**

Final judgment was entered in this action on September 16, 2013. Now before the Court is the plaintiff's motion for enlargement of time, which was filed more than thirty days later on October 18, 2013. The motion states in its entirety: "HERECOMES the Plaintiff requesting an enlargement of 30 days to complete his report and motion to reconsider the dismissal of his complaint and for the Court to toll all statutes governing his right to appeal with the 7th circuit; before notice is filed the Plaintiff will like to exhaust all available remedies possible."

The motion for time [dkt. 79] is **denied** for the following reasons. First, no "report" is anticipated or provided for in the *Federal Rules of Civil Procedure.* Second, to the extent that

plaintiff seeks to file a Rule 59 motion to alter or amend the judgment such a motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This time has passed. To the extent the plaintiff intends to file a Rule 60(b) motion seeking relief from judgment, he may do so within a reasonable time consistent with Rule 60(c) and a thirty day extension of time is not necessary. A Rule 60 motion, however, does not affect the judgment's finality or suspend its operation.

Finally, the plaintiff asks this Court to "toll all statutes governing his right to appeal." In a civil suit in which the United States or its officer or agency is not a party, a notice of appeal must be filed within thirty days from the entry of judgment. 28 U.S.C. § 2107(a); Fed. R.App. P. 4(a)(1)(A). Under Federal Rule of Appellate Procedure 4(a)(5), the district court may extend the time to file notice of appeal if a party so moves no later than thirty days after the original deadline for the filing of notice of appeal, and that party shows "excusable neglect or good cause." *Sherman v. Quinn,* 668 F.3d 421, 424 -425 (7th Cir. 2012). To the extent the present motion could be understood as seeking additional time to file a notice of appeal his request is **denied** without prejudice. The plaintiff has not provided any basis upon which this Court could find excusable neglect or good cause.

Nothing in this ruling prohibits the plaintiff from filing a second motion for extension of time to file a notice of appeal which establishes excusable neglect or good cause consistent with Rule 4(a)(5).

**IT IS SO ORDERED.**

Date:  10/23/2013
_____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

WAYDE COLEMAN
11303 Lynchburg Way
Indianapolis, IN 46229