# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WAYDE COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-01256-TWP-DKL |
| | ) | |
| TERRY CURRY Marion County Prosecutor's Office, Final Policy Maker, in his official capacity, administrative and investigative capacity, | ) ) ) ) | |
| REBECCA MEYER, in her administrative, investigative capacity and not official capacity, | ) ) | |
| PAUL R CIESIELSKI official capacity as Chief of Police Indianapolis Metropolitan Police Department (IMPD), | ) ) ) | |
| DENNY RANDALL JASON IMPD, D9879, in his individual and investigative capacity, | ) ) | |
| JUDGE RUEBEN B. HILL Criminal Court Rm 18, in his official capacity for injunctive, declarative relief and consequential relief that the court deems applicable, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON MOTIONS FOR RELIEF FROM JUDGMENT

This cause is before the Court on the Plaintiff Wayde Coleman's ("Mr. Coleman")

Motion for Relief from Judgment and supporting Memorandum of Law (Dkts. 81 and 82) and

Request for the Court to Revisit the Dismissal of the Plaintiff's Claim for Malicious Prosecution

(Dkt. 83). These motions (filed more than 28 days after the entry of Judgment) are understood to

have been filed under Federal Rule of Civil Procedure 60(b). *See Williams v. Illinois,* 737 F.3d

473, 475 (7th Cir. 2013) (reaffirming bright-line rule that any motion for reconsideration filed

after the 28 day deadline for seeking reconsideration under Rule 59(e) must be construed as a

motion to vacate under Rule 60(b)); *Justice v. Town of Cicero,* 682 F.3d 662, 663–65 (7th Cir. 2012) (same); *Kiswani v. Phoenix Sec. Agency,* 584 F.3d 741, 742–43 (7th Cir. 2009) (same).

## I. <u>DISCUSSION</u>

This action was previously resolved through the entry of summary judgment in favor of the Defendants and against the Plaintiff. Mr. Coleman now seeks reconsideration of the resolution of this action. Mr. Coleman's motion does not invoke any of the specific grounds for relief from judgment under Rule 60(b)(1)–(5), so it falls under the "catch-all" provision, which permits relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A motion for relief from judgment under Rule 60(b)(6) may be granted in only "extraordinary circumstances." *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). As the Seventh Circuit has explained: "A litigant may not use Rule 60(b) to challenge errors that could have been brought in an appeal from the underlying judgment." *Trepanier v. City of Blue Island,* 364 Fed. Appx. 260, 263 (7th Cir. 2010) (citations omitted); *see also Kiswani,* 584 F.3d at 743 ("A motion under Rule 60(b) is a collateral attack on the judgment and the grounds for setting aside a judgment under this rule must be something that could not have been used to obtain a reversal by means of a direct appeal.").

Mr. Coleman's requests for are **denied** because his claim that the Court misinterpreted the law and evidence is not appropriate in a motion for relief pursuant to Rule 60(b). Moreover, the Court finds that it made correct rulings. Mr. Coleman's four main arguments to the contrary are discussed below.

First, contrary to Mr. Coleman's assertion, the Defendants did not have the burden of proof in this case, he did. Nor was there anything inappropriate with the Defendants' reliance on affidavits which Mr. Coleman asserts as being "self serving affidavits" in support of their

defense.  Important testimony of a party is usually self-serving by its nature.  *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 696 (7th Cir. 2011); *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003).

Second, Mr. Coleman argues that Defendant Officer Denny did not witness the incident which led to Mr. Coleman's arrest and that he erred in relying on hearsay in his probable cause affidavit.  Mr. Coleman is mistaken because "probable cause may be founded upon hearsay and upon information received from informants. . . ." *Franks v. Delaware,* 438 U.S. 154, 165 (1978). *See also U.S. v. Ventresca*, 380 U.S. 102, 108 (1965) ("hearsay may be the basis for issuance of the warrant" so long as there is a substantial basis for crediting the hearsay).  Moreover, "[w]here a victim of a crime supplies the police with the information forming probable cause, there is a presumption that this information is inherently reliable." *Johnson v. Saville*, 575 F.3d 656, 660 (7th Cir. 2009).

Third, Mr. Coleman argues that the resolution of this action violated the Seventh Amendment to the United States Constitution.  This argument is not persuasive.  The Seventh Circuit has repeatedly "rejected arguments that summary judgment violates either the Fifth or Seventh Amendments." *Burks v. Wisconsin Dept. of Transp.*, 464 F.3d 744, 759 (7th Cir. 2006); *Koski v. Standex Int'l Corp.*, 307 F.3d 672, 676 (7th Cir. 2002).  Indeed, "[t]he Seventh Amendment does not entitle parties to a jury trial when there are no factual issues for a jury to resolve." *Burks*, 464 F.3d at 759.

Finally, Mr. Coleman's request that this Court consider *Julian v. Hanna*, 732 F.3d 842 (7th Cir. 2013) and view his malicious prosecution claim as a federal claim. However, the ruling in *Julian* does not apply when considering the Courts decision in this case. As the Defendants correctly point out, in *Julian* the Seventh Circuit held that Indiana law does not provide adequate

relief for malicious prosecution claims. But *Julian* has no relevance to the denial of Mr. Coleman's malicious prosecution claim. Instead, the Court identified the factors required to prove a malicious prosecution claim and held that the evidence did not support such a claim.

## II.    CONCLUSION

For the foregoing reasons, Mr. Coleman's Motion for Relief from Judgment (Dkt. 81) and Request for the Court to Revisit the Dismissal of Plaintiff's Claim of Malicious Prosecution (Dkt. 83) are **DENIED.** No relief from judgment under Rule 60(b) is warranted.

**SO ORDERED.**

Date: _04/03/2014_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Wayde Coleman
11303 Lynchburg Way
Indianapolis, Indiana 46229

Alexander P. Will
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
awill@fbtlaw.com

Beth Ann Garrison
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org

Cameron G. Starnes
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
cameron.starnes@indy.gov